# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CEDRIC D. SIMMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-0829-F |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF DEFENSE, ex rel. DEFENSE | ) |
| FINANCE AND ACCOUNTING | ) |
| SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The motion to dismiss of the defendant, the United States, is before the court and ready for determination. (Doc. no. 14.) The motion asks the court to dismiss the First Amended Complaint (the complaint) in its entirety, under Rule 12(b)(6), Fed. R. Civ. P.

### Standards

Plaintiff appears *pro se*, and his pleadings are liberally construed.

Until recently, dismissal under Rule 12(b)(6) was appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), however, the Supreme Court prescribed a new inquiry to use in reviewing a dismissal; that inquiry is whether the claim contains enough facts to state a claim to relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, ___ F.3d ___, 2007 WL 1969681 at * 3 (10th Cir., 2007), quoting Bell Atlantic Corp., 127 S.Ct. at 1974.  In order to

survive a motion to dismiss, a plaintiff must nudge his claim across the line from conceivable to plausible. Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3, quoting Bell Atlantic Corp., 127 S.Ct. at 1974. The court, in conducting its review, still assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3.

Discussion

This action seeks to compel the Department of Finance and Accounting Service to garnish the pay of Sergeant Michael L. Prince, U.S. Army, in satisfaction of an April 19, 2006 default judgment entered in Cleveland County District Court, Oklahoma. As alleged in ¶ 1 of the complaint, this is an "action in equity seeking redress of the Defendants' unwillingness to recognize and apply 50 U.S.C. app. § 522(e)(2006)...[with respect to] the processing of an involuntary allotment application."

The motion to dismiss argues that, as shown on the face of the complaint, the judgment that underlies the requested garnishment, has been vacated. The complaint acknowledges that the judgment underlying the requested garnishment has been vacated ( ¶ 31). *See also*, September 5, 2007 order of the Cleveland County District Court, providing that the underlying judgment is "set aside." (doc. no. 14, ex. "1.").[1]

Plaintiff responds by arguing that it was "clear error" for the state court to have vacated the underlying judgment, citing the timeliness provisions found in 12 O.S.

---

[1] The court may take judicial notice of this document without converting the motion. *See*, Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) ("facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment").

2002 §2004(C)(2)(c).² The only issue before this court, however, is whether the complaint fails to state a claim for the relief requested, that is, for compelling the garnishment in question.

In that regard, the court notes that the garnishment is authorized by 5 U.S.C. § 5520a(k). That statute provides for the "involuntary allotment of the pay of a member of the unformed services for indebtedness owed a third party as determined by the final judgment of a court of competent jurisdiction..." 5 U.S.C. 5520a(a)(2)(A). The implementing regulations further define a "judgment," stating that "A final judgment must be a valid, enforceable order or decree, by a court from which no appeal may be taken, or from which no appeal has been taken within the time allowed, or from which an appeal has been taken and finally decided." 32 C.F.R. § 112.3(e).

There is no final judgment here because, as shown on the face of the complaint, the judgment which the garnishment seeks to enforce has been vacated. Even if the vacating court's action were in error as plaintiff contends -- an issue this court does not reach and a finding this court does not make -- the indisputable fact remains that there is no final judgment for this court to enforce in this action, which seeks to compel garnishment of a vacated judgment. Accordingly, the complaint fails to state a claim against the United States, and the United States should be dismissed from this action.

The only other defendant in this action is Michael L. Prince, sued in his individual capacity. The court has reviewed the sufficiency of the complaint with respect to the allegations against Mr. Prince, *sua sponte*. It concludes that the

---

²This timeliness provision appears to relate to petitions to vacate default judgments upon motion of a defendant "if the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an unauthorized person." No party contends that is the situation here. Moreover, an argument that a court vacated a judgment in error is an argument which is typically appropriate for a reviewing court, not this court.

complaint fails to state a claim against Mr. Prince. For the same reasons that the United States is entitled to dismissal, Mr. Prince is also entitled to dismissal.

## Conclusion

Having carefully considered the parties' submissions, the pleadings, and the relevant authorities, the United States' motion to dismiss is **GRANTED**. This action is **DISMISSED** in its entirety, with prejudice, for failure to state a claim. It is obvious from the briefing that leave to amend would be futile.

Dated this 8th day of January, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0829p003(pub).wpd